averred that any cause of action that may have accrued to her was barred by the statute of limitations. A trial by the court resulted in a finding and judgment against the defendants for three hundred and fifty dollars.   To reverse the judgment, defendants prosecute a writ of error.

J. A. CONNELL and S. F. BLANC, for plaintiffs in error.

EARL J. WALKER, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

LIMITATION OF ACTIONS, § 115*—*burden of proof.* The statute of limitations is an affirmative defense, and the burden of proving it is upon the party pleading it.

---

### Franz Koch et al., trading as Koch & Company, Appellants, v. John H. Suderwski, Appellee.

### Gen. No. 19,291.   (Not to be reported in full.)

Appeal from the County Court of Cook County; the Hon. ISAAC HUDSON, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1913.   Reversed and remanded.   Opinion filed October 7, 1914.

### Statement of the Case.

Action in assumpsit instituted in the County Court by Franz Koch, Frank J. Koch, John A. Richert and Arnold Brautigam, trading as Koch & Company, against John H. Suderwski.   Plaintiffs filed a declaration consisting of the common counts, and attached

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

thereto their affidavit of claim. Plaintiffs also filed a bill of particulars. Defendant filed an affidavit of merits and a verified claim of set-off, to which plaintiff pleaded the general issue, accord and satisfaction and the Five-Year Statute of Limitations. A jury was impaneled and before the introduction of any evidence, and again at the close of plaintiffs' evidence and at the close of all the evidence, plaintiffs called the attention of the court to the fact that defendant had neither pleaded the general issue nor replied to plaintiffs' pleas of accord and satisfaction and the statute of limitations filed to defendant's plea of set-off. The trial court overruled plaintiffs' motion for a peremptory instruction upon the pleadings filed and submitted the case to the jury. The jury returned a verdict for defendant on his plea of set-off and assessed his damages against plaintiffs at $245. To reverse a judgment entered on the verdict, plaintiffs appeal.

ADLER & LEDERER, for appellants; JULIUS R. KLAWANS, of counsel.

F. W. PROUDFOOT, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

PLEADING, § 462*—*when rule that proceeding to trial waives nonjoinder of issues inapplicable.* The rule that a party having proceeded to trial without objection, as upon issues joined, cannot after verdict or for the first time in a court of review be permitted to take advantage of the failure of the opposite party to file proper pleas, *held* to have no application where the record discloses that timely and repeated objections had been made in the trial court to the procedure adopted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.